UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. TRAVERS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MACOMBER, et al.,<br><br>    Defendants. | No. 1:25-cv-00033-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 3) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on January 10, 2025, along with a motion for appointment of counsel.  (ECF Nos. 1, 3.)

Plaintiff's motion for appointment of counsel must be denied.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

1

1   claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d
2   965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).
3   The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances
4   common to most prisoners, such as lack of legal education and limited law library access, do not
5   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

6   Here, contrary to Plaintiff's contention, as stated above, he is not entitled to counsel
7   simply because he is indigent.  In addition, The Court has considered Plaintiff's request, but does
8   not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well
9   versed in the law and that he has made serious allegations which, if proved, would entitle him to
10  relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are
11  proceeding pro se and in forma pauperis almost daily. Many of these prisoners also have limited
12  access to witnesses and discovery and are receiving mental health treatment. These litigants also
13  must conduct legal research and litigate their cases without the assistance of counsel.

14  Furthermore, at this stage in the proceedings, the Court cannot make a determination that
15  Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to
16  determine whether it states cognizable claims upon which it may proceed, and based on a review
17  of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his
18  claims.

IT IS SO ORDERED.

Dated:   **January 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2