UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. TRAVERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. MACOMBER, et al.,<br><br>　　　　Defendants. | No. 1:25-cv-00033-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed January 10, 2025.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On November 8, 2016, Proposition 57 added Article I, section 32 to the California Constitution which excluded fully and permanently Plaintiff's original two alternative indeterminate nonviolent three strikes sentences totaling 50 years to life. The California Department of Corrections and Rehabilitation (CDCR) refuses to "exclude" per Proposition 57(a)(1)(A), Plaintiff's two alternative indeterminate nonviolent three strikes sentences totaling 50 years to life. First, the Warden, CCI, and CCRA refuse to refer Plaintiff to the Board of Prisons Hearings for a Proposition 57 hearing in which Plaintiff's two alternative indeterminate sentences would be excluded and a new nonviolent parole eligibility date (NEPD) of 10-27-2001

1  would be put in place by Penal Code section 18. Plaintiff would then be fully discharged from his
2  complete term and parole period due to the fact that Plaintiff's in-custody credits equal over 30
3  years. This is Plaintiff's new constitutional right that is being violated and therefore a violation of
4  due process and cruel and unusual punishment because Plaintiff should have been discharged
5  from his sentences and parole period when Proposition 57 went in to effect on November 8, 2016.

## III.

## DISCUSSION

### A.   Proposition 57

Proposition 57 amended the California Constitution to add section 32, the Public Safety and Rehabilitation Act of 2016, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (2) Cal. Const. art. 1, § 32 (emphasis added). Section 32(b) directs the California Department of Corrections and Rehabilitation ("CDCR") to "adopt regulations in furtherance of these provisions." Cal. Const. art I, § 32(b).

The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const. Art. I, § 32(a)(1)(A). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187 (Cal. App. Sept. 7, 2018), and thus is not a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Therefore, a three strikes indeterminate sentence must be "put aside" for purposes of determining the full term of a prisoner's primary offense. Edwards, 26 Cal. App. 5th at 1192.

Further, following the California Court of Appeal decision in In re Edwards, 26 Cal. App. 5th 1181 (Cal. App. 2018) (finding that inmates serving three strike sentences for nonviolent offenses are constitutionally entitled to parole consideration under Proposition 57), CDCR

1  enacted emergency regulations to accord parole consideration to nonviolent offenders
2  indeterminately sentenced pursuant to the Three Strikes Law.  See Cal. Code Regs. tit. 15, §§
3  3495-97.
4        In this case, Plaintiff alleges that prison officials refuse to refer him to the Board of
5  Prisons Hearings for a Proposition 57 hearing in which Plaintiff's two alternative indeterminate
6  sentences would be excluded and a new nonviolent parole eligibility date (NEPD) of 10-27-2001
7  would be put in place by Penal Code section 18.  Plaintiff would then be fully discharged from his
8  complete term and parole period due to the fact that Plaintiff's in-custody credits equal over 30
9  years.

### B. Due Process/Cruel and Unusual Punishment

11  The Fourteenth Amendment protects persons from deprivations of life, liberty, or property
12  without due process of law. U.S. Const. amend. XIV.  Protected liberty interests may arise both
13  from the Constitution or from state law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations
14  omitted). "A state may create a liberty interest through statutes, prison regulations, and policies."
15  Chappell v. Mandeville, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted). When a protected
16  liberty interest is implicated, the Due Process Clause protects individuals from the deprivation of
17  liberty without the procedural protections to which he is entitled under the law. Wilkinson, 545
18  U.S. at 221.  The amount of process or specific procedures required vary by context and the
19  particular interest at stake. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976).
20        The Due Process Clause does not provide any right "to be conditionally released before
21  the expiration of a valid sentence, and the States are under no duty to offer parole to their
22  prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). When a state enacts a statutory
23  scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause
24  requires fair procedures for its vindication." Id. The existence of a liberty interest created by state
25  law is determined by focusing on the nature of the deprivation. Sandin v. Connor, 515 U.S. 472,
26  481–84 (1995). Liberty interests created by state law are generally limited to freedom from
27  restraint which "imposes atypical and significant hardship on the inmate in relation to the
28  ordinary incidents of prison life." Id. at 484.

1   The Supreme Court has characterized as "reasonable" the Ninth Circuit's finding that
2   California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due
3   Process Clause. See Bisel v. Kernan, No. 1:18-cv-00090-DAD-JLT (PC), 2018 WL 11294697, at
4   *9 (E.D. Cal. Aug. 17, 2018) (citing Swarthout, 562 U.S. at 222); Greenholtz v. Inmates of Neb.
5   Penal & Corr. Complex, 442 U.S. 1, 12 (1979).  Under Proposition 57, the liberty interest at issue
6   is receiving parole consideration when the standards for parole have been met, and prisoners are
7   entitled to minimal procedures adequate to protect that interest. See Swarthout, 562 U.S. at 220.
8   However, the procedures required for parole hearings under the Due Process Clause are merely an
9   opportunity to be heard and a statement of the reasons for any denial. Id. (citing Greenholtz, 442
10  U.S. at 12); Miller v. Or. Bd. of Parole & Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir.
11  2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the
12  due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a
13  statement of reasons for a parole board's decision ...."). Proposition 57 provides eligible inmates
14  for early consideration for parole but not actual parole or early release.

15      Here, contrary to Plaintiff's contention, Plaintiff has been considered for release on parole.
16  Indeed, the Court takes judicial notice[1] of CDCR's website lists the following activity: January 6,
17  2016 (consultation was conducted); March 24, 2017 (Plaintiff's petition to advance his next
18  parole suitability hearing date was rejected because he was not eligible for file a petition at that
19  time); June 18, 2018 (Plaintiff's petition to advance his next parole suitability hearing date was
20  rejected because he was not eligible to file a petition at that time); October 29, 2020 (Plaintiff
21  voluntarily waived the right to a hearing for 1 year); August 10, 2021 (Plaintiff again voluntarily
22  waived the right to a hearing for 1 year); September 27, 2022 (plaintiff was denied parole for 5
23  years); and September 2027 (pending tentative date for parole suitability hearing).[2]

---

[1] See Valles v. Cal. Dep't of Cor. and Rehab., No. 2:20-cv-1905 AC P, 2021 WL 2292616, at *2 n.2 (E.D. Cal. June 4, 2021) (taking judicial notice of plaintiff's parole review information available through CDCR's inmate information page) (citing Fed. R. Evid. 201; City of Sausalito v. O'Neill, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.")).

[2] See https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=E75563.

Plaintiff did not disclose these parole hearings in his complaint. Contrary to his allegations, Plaintiff's inmate record indicates that he did and continues to receive parole eligibility hearings. Thus, it is plain Plaintiff has received the "minimal procedures" necessary to adequately protect his liberty interest in receiving parole consideration. See Swarthout, 562 U.S. at 220. Therefore, Plaintiff's due process claim is moot, and this Court is without jurisdiction to entertain this action further. See e.g., Johnson v. Cal. Dep't of Cor. and Rehab., No. 1:20-cv-00119-GSA-PC, 2021 WL 5040361, at *5 (E.D. Cal. Oct. 29, 2021) (dismissing complaint as moot because "[t]here is no reasonable expectation that the CDCR will defy the California Supreme Court and continue to apply the voided and repealed regulations") (citing cases); Rodriguez v. Anderson, No. EDCV 18-81-JGB (AGR), 2021 WL 2343346, at *6-7 (C.D. Cal. Mar. 31, 2021) (same).

In addition, to the extent plaintiff challenges the duration of his confinement as unconstitutional and seeks release from prison based on a violation of the Eighth Amendment, plaintiff must seek such relief through a writ of habeas corpus. Furthermore, Plaintiff cannot seek money damages from the named defendants based on a claim that his continued confinement pursuant to a valid conviction violates the Eighth Amendment.

Plaintiff cannot maintain a claim of cruel and unusual punishment in this case. The Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1 (1992). The Eighth Amendment also imposes duties on prison officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). There is no federal constitutional right "to be conditionally released before the expiration of a valid sentence, and states are under no duty to offer parole to their prisoners." Swarthout, 562 U.S. at 220.8 Under certain circumstances, states may create liberty interests which are protected by the Due Process Clause of the Fourteenth Amendment. Stephens v. Kunz, 2019 WL 6649021, at *4 (C.D. Cal. Sept. 18, 2019) ("[T]he Court need not determine whether Proposition 57 creates a protected liberty interest because,

1 even if it does, plaintiff fails to plausibly allege that he was denied constitutionally sufficient

2 process, i.e., 'fair procedures,' for the vindication of any protected liberty interest."). But even

3 assuming plaintiff has a liberty interest in receiving parole consideration, "the procedures

4 required are minimal." Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711,

5 716 (9th Cir. 2011). In the context of parole decisions, a federal court's inquiry is limited to

6 whether the prisoner was given the opportunity to be heard and received a statement of the

7 reasons why parole was denied. Swarthout, 562 U.S. at 220. "The Constitution does not require

8 more." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 16 (1979).

9 Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C. Leave to Amend Would be Futile

Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Therefore, this action should be dismissed without leave to amend.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written

objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge